158K/RCS

#4  RELATED TO 3:26-CV-673
et al.

# <u>UNITED STATES DISTRICT COURT FOR THE</u>
# <u>WESTERN DISTRICT OF PENNSYLVANIA</u>

RECEIVED

APR 20 2026

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Pablo Reyes
*Petitioner*

3:26-cv-732

V.

Attorney General of the United States, U.S. District Court-Western of Pennsylvania, Field Officer Director, ICE Philadelphia Field Officer Warden on Moshannon Valley Processing Center, Others

---

[DETAINED]

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. SS 701-706,

## THE REHABILITATION ACT OF 1973, AND THE FIFTH AMENDMENT DUE PROCESS CLAUSE

---

### INTRODUCTION

---

1. Plaintiff Pablo Reyes Ponce,(Pro Se) brings this action under the Administrative Procedure Act (APA), 5 U.S.C. SS 701—706, seeking judicial review and relief from the arbitrary, capricious, and unlawful actions of the Department of Homeland Security (DHS) and its sub-agency U.S. Immigration and Customs Enforcement (ICE).

2. Despite a stay of removal granted by the U.S. Court of Appeals for the Third Circuit, Defendants have continued to detain Plaintiff under conditions that violate constitutional, statutory, and regulatory mandates, including the Rehabilitation Act of 1973, 29 U.S.C. S 794, and the Due Process Clause of the Fifth Amendment.

3. Defendants' actions—failing to provide necessary psychological and psychiatric care, subjecting Plaintiff to prolonged solitary confinement exceeding (120) days without notice or justification, disregarding credible threats to Plaintiff's life, and perpetuating discrimination and defamation based on personal identity—constitute agency action that is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. S 706(2)(AHC).

In The Matter of:  Pablo Reyes Ponce          Page No. 1          A244086926

4. Plaintiff seeks declaratory and injunctive relief to end these violations, enforce statutory obligations, and ensure that Defendants comply with federal law governing detention conditions and disability access.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. S ection1331, as this action arises under the laws of the United States, including the Administrative Procedure Act, Rehabilitation Act, and Fifth Amendment.

6. Judicial review js proper under 5 U.S.C. Section 702, which waives sovereign immunity for persons suffering legal wrongs because of agency action.

Venue in this District Pursuant to 28 U.S.C. Section 1391(e) Because the Defendants reside

in this District and a substantial part of the events giving rise to the claims occurred here.

## PARTIES

8. Plaintiff Pablo Reyes is a national of Ecuador detained under ICE authority at Moshannon Valley Processing Center, Philipsburg ,Pennsylvania & F.C.I. Lewisburg Penitentiary ,Lewisvania ,Pennsylvania. Plaintiff has documented mental health disabilities, including post-traumatic stress disorder (PTSD), major depressive disorder, and anxiety disorder, substantially Limiting one or more major life activities such as sleeping, concentrating, and interacting with others.

9. Defendant Department of Homeland Security (DHS) is an agency of the United States responsible for administering immigration detention operations.

10. Defendant U.S. Immigration and Customs Enforcement (ICE), a component of DHS, oversees the custody, detention, and removal of immigration detainees.

11. Defendant Moshannon Valley Processing Center and F.C.I. Lewisburg Penitentiary ,Lewisburg ,Pennsylvania  is a detention facility under federal contract with ICE that receives federal funds and conducts programs and activities under federal law.

12. Defendants Warden L. Oddo And J. Sage are officers or employees of ICE or DHS, sued in their official capacities for unlawful and unconstitutional agency action.

## FACTUAL BACKGROUND

13. Plaintiff entered ICE custody on or about May 17th,2024, following the initiation of removal proceedings.

In The Matter of:  Pablo Reyes Ponce          Page No. 2                    A244086926

14. On August 26th,2025, the Third Circuit Court of Appeals granted Plaintiff a stay of removal, ordering that Plaintiff not be deported while the court's review of Plaintiff's petition for review remains pending.

15. Despite the stay, Defendants have continued to hold Plaintiff in extremely harsh, punitive, and discriminatory conditions, unrelated to any legitimate governmental purpose.

16. From approximately September 3, Plaintiff has been held in solitary confinement for more than sixty (120) consecutive days, with no notice of when the confinement will end—constituting indefinite isolation contrary to ICE's own Performance-Based National Detention Standards ("PBNDS ").

17. Plaintiff has suffered serious mental deterioration, including severe depression, disorientation, hallucinations, and suicidal ideation, as a result of such confinement and the lack of access to treatment.

18. Facility staff and medical contractors have demonstrated deliberate indifference to Plaintiff's known medical needs. Requests for mental-health evaluation, therapy, and medication have been ignored or delayed without explanation.

19. On or about September 2, 2025, Plaintiff was subjected to a violent attack by other detainees after repeatedly warning officers of credible threats to Plaintiff's life. Defendants failed to take protective measures or transfer Plaintiff to a safer environment.

20. Following this attack, Defendants punished Plaintiff by placing Plaintiff in segregation, rather than investigating or protecting Plaintiff from future harm.

21. Defendants have further engaged in discrimination and defamation based on Plaintiff's personal characteristics and disability, including verbal abuse, ridicule, and false reports that have damaged Plaintiff's reputation and well being.

22. Defendants' conduct reflects a systemic absence of protective protocols, a lack of training in disability accommodation, and an institutional disregard for mental-health care obligations mandated by federal law.

23. These actions have no legitimate penological or administrative justification and serve only to punish and endanger a vulnerable detainee under federal custody.

## LEGAL FRAMEWORK

A. Administrative Procedure Act (5 U.S.C. SS 701-706)

24. The APA provides that "a person suffering legal wrong because of agency action" is entitled to judicial review. 5 U.S.C. S 702.

25.    A reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. S 706(2)(A).

26.    Agency actions that contravene constitutional rights, violate statutory mandates, or fail to follow required procedures are invalid under S 706(2)(BHD).

27.    Detention conditions and treatment of detainees fall within "agency action" under the APA, as they are governed by DHS and ICE policies, directives. and standards.

28.    The ICE Performance-Based National Detention Standards (PBNDS 2011), the DHS Disability Access Directive 065-01, and internal Use of Segregation Directives are binding agency guidance subject to judicial review under the APA when the agency acts inconsistently with them.

B. Rehabilitation Act of 1973 (29 U.S.C. S 794)

29.    Section 504 prohibits discrimination against qualified individuals with disabilities by federal agencies and federally funded programs. 29 U.S.C. S 794(a).

30.    Defendants are required to provide reasonable accommodations and to ensure that detainees with disabilities have equal access to medical and mental-health care.

C. Fifth Amendment Due Process

31.    Civil immigration detainees are protected under the Fifth Amendment from punishment, deliberate indifference, and arbitrary restrictions.

32.    Prolonged solitary confinement and deprivation of medical care without justification violate substantive due process. See Kingsley v. Hendrickson, 576 U.S. 389 (2015); Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).

## CLAIMS FOR RELIEF

COUNT I — VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT(5 U.S. C. 701706)

33.    Plaintiff realleges paragraphs 1—32.

34.    Defendants' acts and omissions—including the imposition of indefinite solitary confinement, failure to provide medical care, and disregard of mental-health disabilities— constitute "agency action" within the meaning of 5 U.S.C. S 551 (13).

35.    These actions are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in that Defendants:
   a. Ignored binding ICE policies limiting the use of solitary confinement;
   b. Failed to follow DHS disability-access directives;

In The Matter of: Pablo Reyes Ponce          Page No. 4          A244086926

c. Disregarded constitutional protections against cruel and degrading treatment; and

d. Took punitive actions without notice, hearing, or justification.

36.    Defendants' ongoing failure to protect Plaintiff and provide adequate care violates 5 U.S.C Section 706(A)-(C)

37.    Plaintiff has suffered irreparable harm as a direct result of these unlawful agency actions.

## COUNT II — VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

38.    Plaintiff realleges paragraphs 1-37.

39.    Defendants have discriminated against Plaintiff on the basis of disability by denying reasonable accommodations, medical treatment, and access to safe living conditions. in violation of 29 U.S.C. Section794 and 28 C.F.R. S 39.130.

40.    Defendants' deliberate indifference and failure to modify policies to meet Plaintiff's medical needs constitute intentional discrimination.

## COUNT III — VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE

41. Plaintiff realleges paragraphs 1—40.

42.    The conditions of confinement, including indefinite solitary confinement and medical neglect, amount to punishment and deliberate indifference, in violation of the Fifth Amendment's guarantee of due process.

43.    Defendants' conduct shocks the conscience and lacks any rational connection to a legitimate governmental purpose.

## REAL-WORLD PRECEDENTS SUPPORTING THIS ACTION

44.    In Fraihatv. ICE, 16 F.4th 613 (9th Cir. 2021), the court held that ICE's failure to provide adequate medical oare and to accommodate detainees with disabilities violated both the Rehabilitation Act and APA standards.

45.    In R.I.L-R v. Johnson, 80 F. Supp. 3d 164 (D.D.C. 2015), the court enjoined ICE policies as arbitrary and capricious under the APA for ignoring humanitarian considerations in detention decisions.

46.    In DHS Office of Civil Rights & Civil Liberties, Determination Memo (June 10 2022), ICE was found to have violated Section 504 and its internal disability-access directive by failing to accommodate a detainee's psychiatric disability.

47.    Courts have repeatedly recognized that indefinite solitary confinement of detainees with mental illness constitutes arbitrary and abusive administrative action under the APA and the Constitution. See Armstrong v. Newsom, 58 F.4th 1283 (9th Cir. 2023).

---

## PRAYER FOR RELIEF

---

WHEREFORE, Plaintiff respectfully requests that this Court:

1.   Declare that Defendants' acts and omissions violate the Administrative Procedure Act, 5 U.S.C. SS 701—706; Section 504 of the Rehabilitation Act; and the Fifth Amendment.
2.   Enjoin Defendants from:
   a.   Continuing Plaintiff's solitary confinement beyond 15 days without medical justification;
   b.   Denying necessary psychiatric or psychological treatment;
   c.   Retaliating or discriminating against Plaintiff based on disability or personal identity;
   d.   Failing to implement protective protocols against violence.

3.   Order Defendants to:
   a.   Stay Any Transfer Plaintiff to other District or Facility
   b.   Provide medically appropriate environment;
   c.   Provide regular psychiatric care by licensed professionals;
   d.   Comply with Section 504 and DHS Directive 065-01 ; and
   e.   Establish oversight reporting to this Court.

4.   Award reasonable attorneys' fees and costs pursuant to 28 U.S.C. Section 2412 and 29 U.S.C. Section 794a.

5. Grant any other relief deemed just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.
Dated 15/04/2026

Respectfully Submitted

X _Pablo Reyes_

PABLO REYES PONCE
A244086926
MOSHANNON VALLEY PROCESSING CENTER
555 GEO DRIVE
PHILISPBURG, PENNSYLVANIA 16866

# <u>CERTIFICATE OF SERVICE</u>

I hereby declare under the penalty of perjury, pursuant to **28 U.S.C. § 1746,**I certify that this document is true and correct, and to be mailed via legal mail over-night Federal Express, this 15/04, 2026.

X. _Pablo Reyes_

Pablo Reyes Ponce
A#244086926
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg Pa,16866

In The Matter of: Pablo David Reyes Ponce           Page No. 1           A244086926